UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-00713-JLS-ADS  Date: October 06, 2021
Title: Philip Bolden v. Mercedes-Benz USA, LLC et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                        Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 13)**

Before the Court is Plaintiffs Philip Bolden and Advanced Marketing & Distribution, Inc.'s (collectively "Plaintiffs") Motion to Remand. (Mot., Doc. 13; Mem. Doc. 13-1.) Defendant opposed and Plaintiffs replied. (Docs. 23, 25.) The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for **October 15, 2021 at 10:30 a.m.**, is VACATED. Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

I. BACKGROUND

On March 12, 2021, in the Superior Court of California (County of Orange), Plaintiffs filed a Complaint against Mercedes-Benz USA, LLC ("Mercedes-Benz"). (Ex. A to Notice of Removal, Doc. 1-1.) Plaintiff Philip Bolden is a resident of the State of California, Plaintiff Advanced Marketing & Distribution, Inc. is a California Corporation, and Mercedes-Benz is a limited liability company the sole member of which is Daimler North America Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan. (Not. of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-00713-JLS-ADS                                    Date: October 06, 2021
Title: Philip Bolden v. Mercedes-Benz USA, LLC et al

Removal, Doc. 1, at 3.)  Accordingly, Mercedes-Benz is not a citizen of the State of California.  (*Id.*)

In the Complaint, Plaintiffs allege that "[o]n or about November 6, 2020, Defendants Manufacturer and Does 1 through 20 inclusive, manufactured and/or distributed into the stream of commerce a new 2021 Mercedes-Benz E53, VIN W1K1J6BBXMF151231 . . . for its eventual sale/lease in the State of California." (Compl. ¶ 4.)  "On or about December 6, 2020, Plaintiffs leased, a new 2021 Mercedes-Benz E53, for personal, family, and/or household purposes." (*Id.* ¶ 5.)  Plaintiffs "delivered the Vehicle to the Manufacturer's authorized service and repair facilities, agents and/or dealers, on at least Three [sic] (3) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities." (*Id.* ¶ 9.)  Each time Plaintiffs delivered the vehicle to be repaired, Defendants "represented to Plaintiffs that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired." (*Id.* ¶ 12.)  However, the "[m]anufacturer or its representative failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given." (*Id.*)

Plaintiffs brought suit asserting two causes of action: (1) breach of implied warranty of merchantability under the Song-Beverly Warranty Act; and (2) breach of express warranty under the Song-Beverly Warranty Act. (*Id.* ¶¶ 14-33.)  As a result of the violations, Plaintiffs state that the amount in controversy exceeds $25,000, "exclusive of interest and costs." (*Id.* ¶ 13.)  In their prayer for relief, Plaintiffs seek "replacement or restitution, at Plaintiffs' election," "incidental damages," "consequential damages," "civil penalty . . . in an amount not to exceed two times the amount of Plaintiffs' actual damages," "actual attorney's fees, reasonably incurred," costs, "the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted," pre-judgment, and other remedies provided by in the Commercial Code and as the Court deems appropriate. (*Id.* at 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-00713-JLS-ADS     Date: October 06, 2021
Title: Philip Bolden v. Mercedes-Benz USA, LLC et al

      On April 16, 2021, Mercedes-Benz removed this suit to federal court. (Notice of Removal, Doc. 1.) Plaintiffs filed a Motion to Remand the case to the Orange County Superior Court on May 4, 2021. (Mot.) Plaintiffs argue that Mercedes-Benz has not carried its burden to prove that removal was proper because it has not demonstrated that it is more likely than not that the amount in controversy will be satisfied. (Mem. at 3-4.)

## II.   LEGAL STANDARD

      The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted). For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks omitted). This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).

## III.   DISCUSSION

      Plaintiffs argue that the Court should remand this action because the potential recovery amounts relied on by Mercedes-Benz are too speculative to meet the amount in controversy requirement of $75,000 for diversity jurisdiction. (Mem. at 4.) In particular, Plaintiffs assert that Mercedes-Benz relies on the maximum civil penalty in calculating the amount in controversy, but the maximum civil penalty is based on actual damages, and actual damages remain speculative and unsubstantiated in the Notice of Removal. (Mem. at 5.) Additionally, Plaintiffs contend that the attorneys' fees cited by Mercedes-Benz are too speculative to include towards the amount in controversy. (Mem. at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00713-JLS-ADS  Date: October 06, 2021
Title: Philip Bolden v. Mercedes-Benz USA, LLC et al

Mercedes-Benz opposes, arguing that it has no burden to supply facts to support the amount in controversy by a preponderance of the evidence. (Opp. at 4.) Mercedes-Benz argues that potential civil penalties are not speculative and are properly included in the controversy amount. (Opp. at 5.) Mercedes-Benz argues that California Civil Code section 1794(c) and 1794(e) provide for a civil penalty up to two times the amount of damages, which here, could add up to $174,358.86 based on the lease total, and it estimates the amount in controversy could be much more taking into consideration attorneys' fees and other costs.[1]  (Opp. at 7.)

A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a).  Plaintiffs do not contest that the parties are diverse; rather, they challenge whether Mercedes-Benz has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  The amount in controversy "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction[.]").  "If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).  The "proper burden of proof" in cases where the "complaint is unclear and does not specify 'a total amount in controversy,'" as is the case here, "is proof by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

Under the Song-Beverly Act, damages are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the

---

[1] The Court grants Mercedes-Benz's Request for Judicial Notice. (Defendant Mercedes-Benz's RJN, Doc. 24.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00713-JLS-ADS　　　　　　　　　　　　　Date: October 06, 2021
Title: Philip Bolden v. Mercedes-Benz USA, LLC et al

discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1). Additionally, the Act specifies that "a buyer of a new motor vehicle shall include a lessee of a new motor vehicle." *Id.* § 1793.2(d)(2)(D). Courts in this district have held that when a plaintiff leases a car, "the 'price paid' under the statute is not the MRSP, but only what Plaintiff has paid under [the] lease." *D'Amico v. Ford Motor Co.*, 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) (citing *Ghayaisi v. Subaru of Am., Inc.*, 2020 WL 1140451, at *1 (C.D. Cal. Mar. 6, 2020); *Chavez v. FCA US LLC*, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020)); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1008 (N.D. Cal. 2002) ("Limiting Brady's recovery to payments actually made is consistent with the logic and purpose of the Song-Beverly Act . . . . Moreover, similar lemon laws of other states either expressly, or have been interpreted to, require restitution only of actual lease payments made by the lessee, and does not provide, for instance, for the recovery of the full capitalized purchase price or current value of the lease by the lessee.").

　　　　Mercedes-Benz has failed to carry its burden to show by a preponderance of evidence that the amount in controversy exceeds $75,000. Although Mercedes-Benz has provided a copy of the lease agreement, it has provided no calculation as to the number of payments and amount Plaintiffs actually paid pursuant to the terms of the lease. (*See* Ex. B to Tahsildoost Decl. ("Lease Agreement"), Doc. 23-3.) It therefore has not offered evidence to support its damages calculation or its estimate of potential civil penalties. Even looking to the terms of the lease, and even assuming Plaintiffs made monthly payments between signing the lease in December 2020 and filing the present action in March 2021, there is no indication the amount in controversy is as high as Mercedes-Benz claims. Plaintiffs owed $6,000 due at lease signing, and Plaintiffs' monthly payment was anticipated to be $1,096.46. (*See* Lease Agreement.) These totals suggest that Plaintiffs' damages are much lower than the $58,128.62 lease total figure cited through Mercedes-Benz's Opposition. Thus, Mercedes-Benz's claimed amount in controversy is speculative and unsupported.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00713-JLS-ADS                                     Date: October 06, 2021
Title:  Philip Bolden v. Mercedes-Benz USA, LLC et al

     Lastly, Mercedes-Benz's arguments that it can demonstrate that the amount in controversy exceeds $75,000 based on potential attorneys' fees also fail.  Mercedes-Benz cites to other cases to support that a court would award an attorneys' fees award of "$47,500 *at minimum*."  (Opp. at 8; *see also* Ex. C, D, and E to RJN, Docs. 24, 24-1, 24-2, 24-3.)  However, Mercedes-Benz has failed to explain how those cases are similar to this case or why an award of this amount would be appropriate here.  *See Berger v. Mercedes-Benz USA, LLC*, 2021 WL 3013915, at *3 (C.D. Cal. July 15, 2021).  Therefore, Mercedes-Benz's estimate of attorneys' fees is similarly unsupported.

**IV.     CONCLUSION**

     For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand.  This action is hereby REMANDED to the Superior Court of California (County of Orange), Case No. 30-2021-01189206-CU-BC-CJC.

                                                               Initials of Deputy Clerk: mku